J-S09010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MOHAMMAD SOHAIL SALEEM, | : | |
| | : | No. 1097 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order June 16, 2017
in the Court of Common Pleas of Lebanon County
Criminal Division at Nos.: CP-38-CR-0000565-2014
CP-38-CR-0001112-2014

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED MAY 01, 2018**

Appellant, Mohammad Sohail Saleem, appeals *pro se* from the denial of his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

We take our factual and procedural history from our review of the certified record, and this Court's March 28, 2017 memorandum affirming the denial of Appellant's first PCRA petition.

On April 21, 2015, Appellant pleaded "guilty to indecent assault and the summary offense of harassment involving two victims. The victims were employees of a small business owned by [Appellant]." (***Commonwealth v. Saleem***, No. 645 MDA 2016, unpublished memorandum at *1 (Pa. Super. filed Mar. 28, 2017) (footnote omitted)). After his guilty plea, the court ordered an assessment to determine whether Appellant is a sexually violent

_____

* Retired Senior Judge assigned to the Superior Court.

predator. Appellant was found to be a sexually violent predator. On June 3, 2015, following a discussion regarding possible deportation proceedings, the trial court sentenced Appellant to not less than twenty-one months nor more than ten years of incarceration. (**See id.**). Appellant filed post sentence motions on July 31, 2015, claiming ineffective assistance of counsel and seeking to withdraw his guilty plea.[1] The trial court denied his motions on August 4, 2015, without prejudice to Appellant seeking relief under the PCRA. Appellant did not file a direct appeal from his sentence.

On September 3, 2015, Appellant filed a counseled first PCRA petition. On March 24, 2016, the PCRA court conducted an evidentiary hearing, after which it concluded that trial counsel was not ineffective, and that Appellant's plea was voluntarily entered, and therefore denied Appellant's first PCRA petition. (**See** N.T. PCRA Hearing, 3/24/16, at 43-44). Appellant filed a *pro se* notice of appeal. After a **Grazier**[2] hearing, the court permitted Appellant to appeal *pro se*, and provided stand-by counsel. On March 28, 2017, this Court affirmed the PCRA court's denial of Appellant's first petition. (**See Saleem**, **supra** at *7-9).

---

[1] Because Appellant's post sentence motions were not timely filed, he filed them together with a request to file *nunc pro tunc*, which the court denied. (**See** Order, 8/04/15).

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

On April 6, 2017, Appellant, *pro se*, filed the instant, second PCRA petition. He filed an amended petition on May 18, 2017. On May 25, 2017, the PCRA court issued notice of its intent to deny the petition as untimely. (**See** Order, 5/25/17, at 6); Pa.R.Crim.P. 907(1). Appellant responded, and on June 16, 2017, the court issued an order denying the petition as untimely. This timely appeal followed.[3]

Appellant raises one question for our review:

> I.   Whether PCRA court erred by dismissing PCRA petition when the Appellant proved that governmental interference prevented him from asserting his innocence due to the Commonwealth['s] failure to provide or turn over video evidence that could prove Appellant's innocence?

(Appellant's Brief, at 5) (most capitalization omitted).

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted).

We begin by addressing the timeliness of Appellant's petition.

> The PCRA provides eligibility for relief in conjunction with cognizable claims . . . and requires petitioners to comply with the timeliness restrictions. . . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including

---

[3] Pursuant to the PCRA court's order, Appellant filed his statement of errors complained of on appeal on August 7, 2017. On September 19, 2017, the court entered its opinion. **See** Pa.R.A.P. 1925.

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)-(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

***Commonwealth v. Robinson***, 139 A.3d 178, 185-86 (Pa. 2016) (quotation marks and citations omitted).

Here, Appellant's judgment of sentence became final on September 3, 2015, after he declined to file a direct appeal with this Court following denial of his post-sentence motions. ***See*** Pa.R.A.P 903(a). Therefore, he had until September 3, 2016, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"). Because he filed the instant petition on April 6, 2017, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims that the governmental interference exception applies. (*See* Appellant's Brief, at 8-10). He asserts that the Lebanon City Police Department possessed an exculpatory video, which the Commonwealth was required, under *Brady*[4], to turn over, but failed to do so. (*See id.*). He

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

argues that his failure to raise the claim previously was the result of the Commonwealth not turning over this video, and therefore the governmental interference exception applies. (*See id.*). We disagree.

"Although a properly plead *Brady* claim may fall within the governmental interference exception, *Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1261 (1999), a petition invoking the exception must be filed within [sixty] days of the date the claim could have been filed pursuant to section 9545(b)(2)." *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001) (one citation omitted). In *Breakiron*, our Supreme Court concluded that where the appellant "fail[ed] to offer a reasonable explanation as to why this information, with the exercise of due diligence, could not have been obtained earlier[,]" he failed to meet the requirements for the exemption to the PCRA time-bar. *Id.* (footnote omitted).

Here, Appellant has not attempted to explain why, with the exercise of due diligence, he could not have earlier learned of the Commonwealth's alleged violation of its obligation to disclose the surveillance video. (*See* Appellant's Brief, at 8-10). As the PCRA court noted, it appears that Appellant has been aware of the existence of the surveillance video since at least September 30, 2016, when he filed his first request for the video.[5] (*See* PCRA Ct. Op., at 5-7). The instant petition, filed on April 6, 2017, was well beyond

---

[5] The PCRA court also notes that, as the owner of the business where the sexual assaults occurred and where the surveillance video was recorded, Appellant would have known about the existence of a video surveillance system, since well before his trial. (*See* PCRA Ct. Op., at 7).

- 6 -

the sixty-day time period after September 30, 2016, within which Appellant must have filed his petition invoking the exception for it to apply. *See* 42 Pa.C.S.A. § 9545(b)(2). Thus the exception does not apply and the PCRA court did not have jurisdiction to consider Appellant's claim. *See Jackson*, *supra* at 519.

In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. *See Robinson*, *supra* at 185-86. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2018